UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. STORMAN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.<br><br>Defendants. | No. 2:24-cv-03658-TLN-SCR<br><br><br><br>ORDER |

Plaintiff is proceeding pro se in this action, which was referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. *See* 28 U.S.C. § 1915(a)(1). The Court will defer ruling on the motion because portions of it are illegible. Plaintiff's complaint is also almost entirely illegible. ECF No. 1. Accordingly, the Court will allow Plaintiff to file an amended complaint that is legible and Plaintiff shall also resubmit his motion to proceed in forma pauperis.

I. SCREENING

A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In

1

reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

### B. The Complaint

Plaintiff's complaint is largely illegible. At page four, where Plaintiff is to assert the basis for jurisdiction, most of the handwriting is illegible, and it appears to say "gross negligence," which would not be a basis for federal question jurisdiction. ECF No. 1 at 4. The factual "statement of claim" section is indecipherable. ECF No. 1 at 5. Plaintiff attaches to his complaint a one-page typed document, which appears to be an excerpt from medical records. ECF No. 1 at 7. The relevance to whatever claim he is attempting to assert in the complaint is unclear. The typed note discusses "elder abuse" and states that Plaintiff's "land lady" has yelled at him for spilling coffee and has been verbally abusive in other instances.

### C. Analysis

The primary deficiency with Plaintiff's complaint is that it is illegible. A court cannot perform its screening function under 28 U.S.C. § 1915 if the complaint is illegible. *See Ramirez v. Perez*, 2022 WL 21827691 (E.D. Cal. 2022). Local Rule 130(b) also requires that documents submitted for filing be legible. The largely illegible complaint does not set forth a basis for federal jurisdiction and fails to state a claim upon which relief can be granted. The complaint also does not comply with Federal Rule of Civil Procedure 8 and does not put Defendants on notice of the claims against them. See *Case v. Waddington*, 2007 WL 1140282 (W.D. Wash. 2007) (dismissing action as it "cannot proceed without a legible complaint" and noting it would prejudice Ds who "would not receive sufficient notice as to the allegations brought against them").

The Court is aware that Plaintiff's complaint mentions in the typed attachment "spilling coffee due to his tremor." ECF No. 1 at 7. The undersigned recognizes that is possible that Plaintiff's handwriting difficulties are due to the tremor. Plaintiff has also filed a request for reasonable accommodation, which appears to request pro bono counsel. ECF No. 3. However, the Court cannot evaluate the appropriateness of appointing counsel without having a legible

1  complaint.  The Court notes that Plaintiff is a frequent litigant who has filed more than 30 actions
2  in this Court over the years.  Plaintiff in December 2024, filed *Storman v. Arrowhead Housing*,
3  24-cv-03658-DJC-AC and *Storman v. Xfinity*, 24-cv-03753-DJC-CSK.  While the complaints in
4  both those actions are difficult to read, they are more decipherable than the instant complaint.  It
5  thus appears that Plaintiff can submit documents that are clear enough to read.
6        Pursuant to 28 U.S.C. § 1915(e)(2), the court "shall dismiss" a case if it determines the
7  action fails to state a claim upon which relief can be granted, or seeks monetary relief against a
8  defendant immune from such relief.  The complaint, as currently drafted and largely illegible,
9  does not set forth a basis for federal jurisdiction and fails to state a claim upon which relief can be
10 granted.
11       II.  AMENDING THE COMPLAINT
12       If plaintiff chooses to amend the complaint, the amended complaint must allege facts
13 establishing the existence of federal jurisdiction.  In addition, it must contain a short and plain
14 statement of plaintiff's claims.  The allegations of the complaint must be set forth in sequentially
15 numbered paragraphs, with each paragraph number being one greater than the one before, each
16 paragraph having its own number, and no paragraph number being repeated anywhere in the
17 complaint.  Each paragraph should be limited "to a single set of circumstances" where
18 possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their
19 complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor
20 (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.
21       The amended complaint must not force the Court and the defendants to guess at what is
22 being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996)
23 (affirming dismissal of a complaint where the district court was "literally guessing as to what
24 facts support the legal claims being asserted against certain defendants").  The amended
25 complaint should contain specific allegations as to the actions of each named defendant.
26       Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's
27 amended complaint complete.  An amended complaint must be complete in itself without
28 reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended

complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint must also be legible. See Local Rule 130(b); *Williams v. Prudhel*, 2023 WL 2374130 (E.D. Cal. 2023) ("If plaintiff chooses to amend the complaint, the amended complaint must be legible.").

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court will defer ruling on Plaintiff's motion to proceed in forma pauperis (ECF No. 2) until Plaintiff has resubmitted it in a legible format. **Plaintiff shall resubmit the motion within 30 days of the date of this order**. The Court will also defer ruling on Plaintiff's request for accommodation (ECF No. 3) until he has submitted an amended complaint.

2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above. The amended complaint must include a sufficient jurisdictional statement and comply with Rule 8. Plaintiff must comply with Local Rule 130(b) which requires documents "be presented by typewriting, printing, photographic or offset reproduction, **or other clearly legible process**, without erasures or interlining that materially defaces the document, and shall appear on one side of each sheet only." (emphasis added). If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

////

////

4. The Clerk of the Court shall provide Plaintiff blank copies of a pro se complaint and application to proceed in forma pauperis.

SO ORDERED.

DATED: January 27, 2025.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE